UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIANA HARRISON,<br><br>             Plaintiff,<br><br>      v.<br><br>ROBBI, et al.,<br><br>             Defendants. | No. 2:17-cv-0507 AC P<br><br><br>ORDER |

Plaintiff, a county inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1. Although plaintiff filed a declaration of indigency, she has not filed a proper in forma pauperis application. See 28 U.S.C. § 1915(a). Plaintiff will be provided the opportunity to submit the appropriate application to proceed in forma pauperis.

Plaintiff is cautioned that the in forma pauperis application form includes a section that must be completed by a prison official, and the form must be accompanied by a certified copy of plaintiff's prison trust account statement for the six-month period immediately preceding the filing of this action.

Plaintiff has requested appointment of counsel. ECF No. 2. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel

pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In this case, plaintiff has not yet established that she is indigent and the court has yet to screen the complaint, so it is not clear whether she has any likelihood of success on the merits at this stage.  For these reasons, the court is unable to find the necessary exceptional circumstances at this time and finds that appointment of counsel would be premature at this stage of the case.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of this order, an application to proceed in forma pauperis on the form provided by the Clerk of Court.  Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.

2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner.

3. Plaintiff's motion for appointment of counsel (ECF No. 2) is denied without prejudice.

DATED: March 17, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE